UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Melvin Graham

    v.                                         Civil No. 12-cv-271-JD

Warden, New Hampshire State Prison

O R D E R

Melvin Graham, proceeding pro se, seeks relief pursuant to 28 U.S.C. § 2254 from his state conviction. Graham also moves to compel the state court to enforce an order issued on November 28, 2011, pertaining to providing a copy of the transcript of a sentence review hearing to Graham. The Warden moves to dismiss the case as untimely.

Background[1]

Graham was convicted in 1996 on three counts of aggravated felonious sexual assault and one count of felonious sexual assault on his niece, who was eight years old at the time of the assaults. State v. Graham, 142 N.H. 357, 359 (1997). On appeal, the New Hampshire Supreme Court rejected Graham's claims that the evidence was insufficient to convict and that the trial court

---

[1]More complete background information is provided in the Report and Recommendation, issued in Graham v. Warden, 04-cv-126-JD, August 9, 2004, document no. 7.

improperly excluded a defense witness's testimony, but remanded the case for the trial court to determine whether Graham's motion for in camera review of privileged records should have been granted, and if so, whether the records contained evidence that would require a new trial.  Id. at 363.  The trial court concluded that the privileged records did not require a new trial, and the supreme court affirmed that decision on October 23, 1998.

Graham moved for a new trial based on claims of ineffective assistance of trial counsel, which was denied.  He then filed multiple petitions for a writ of habeas corpus in state court, which were denied.  His appeals to the New Hampshire Supreme Court were unsuccessful.

On January 8, 2001, Graham filed a petition for a writ of habeas corpus in this court, which was dismissed because he had not shown that he had exhausted state remedies.  After initiating other state court actions without success, Graham filed a second habeas corpus action in this court on April 7, 2004, asserting ineffective assistance of counsel.  The case was dismissed as barred by the statute of limitations.  See 04-cv-126-JD, Sept. 30, 2004, document no. 12.

Graham filed this case, his third federal petition for habeas corpus relief, on July 18, 2012.

Discussion

The Warden moves to dismiss the case as barred by the statute of limitations, as the court determined in the prior federal habeas corpus action Graham filed, 04-cv-126-JD.  In response, Graham argues that the Warden's motion is irrelevant, that the state lacks a corrective process to protect his rights, and that the limitations period was restarted by his motion for a reduction in his sentence.

A petition for habeas corpus relief under § 2254 must be filed within one year of the last of the following dates:  the date of final judgment, the date that an unconstitutional impediment to filing is removed, the date that the constitutional right was recognized by the Supreme Court, or the date when predicate facts could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1).  The court determined in 2004 that the petition filed then was untimely.

Graham cites Wall v. Kholi, 131 S. Ct. 1278 (2011), arguing that his current petition is timely following his request for reduction of his sentence.  In Wall, the petitioner filed a motion to reduce his sentence and while that motion was pending he filed an application for state post-conviction relief.  Id. at 1282.  The state courts denied his motion to reduce sentence, but the application for post-conviction relief remained pending for

over nine years, which tolled the time for filing under § 2244(d). By the time the petition for federal habeas corpus relief was filed, however, the petition would have been timely only if the motion to reduce sentence also tolled the limitation period. Id. at 1283. The Supreme Court held that the motion to reduce sentence was a form of "collateral review," under Rhode Island law, that tolled the limitation period, making the federal petition timely. Id. at 1287.

In contrast, Graham has not shown that any pending motions that he filed in state court tolled the limitations period beyond the deadline determined in his prior federal case, 04-cv-126-JD. Once the limitation period expires, it is not reinstated by subsequently filed motions. See § 2244(d); Trapp v. Spencer, 478 F. 3d 53, 58-59 (1st Cir. 2007); Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Moore v. McCabe, 2012 WL 5846282, at *10 (D.S.C. Oct. 22, 2012). Graham has not shown any circumstances that would toll the limitations period for his current petition.

Therefore, because the action is untimely, it must be dismissed. In the absence of a viable action, Graham's motion to compel is moot.

Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus (document no. 1) is dismissed as untimely filed.  The petitioner's motion to compel (document no. 4) is denied as moot.

The court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Rule 11, Federal Rules Governing § 2254 Cases.

The clerk of court shall enter judgment accordingly and close the case.


SO ORDERED.

                                            /s/ Joseph A. DiClerico, Jr.
                                            Joseph A. DiClerico, Jr.
                                            United States District Judge

December 10, 2012

cc:   Melvin C. Graham, pro se
      Elizabeth C. Woodcock, Esquire